CORA CRAMER, Appellant, v. WILLIAM GROSECLOSE *et al.*, Respondents.

St. Louis Court of Appeals, April 18, 1893.

1. **Trespass:** RIGHT OF ACTION BY LANDLORD. The possession of land by a tenant is sufficient to entitle the landlord to maintain an action of trespass for a permanent injury to the freehold.

2. ———: ———. When land is leased for the purpose of being cleared of trees, prepared for the plow, and the lessee is entitled to dispose of the timber cut by him while thus using it, but not otherwise, one who with knowledge of these provisions purchases timber cut by the lessee has the right to assume that the lessee cut it when he had a right to do so, and, therefore, is not answerable to the landlord, unless it affirmatively appears that he knew the cutting was wrongful.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Sam M. Green,* for appellant.

The instruction number 2 should not have been given, because it led the jury to believe that Conner's apparent possession justified the wrong of the defendant, although the lease provided in its last paragraph that any wilful violation thereof should vitiate it at the option of the aggrieved party. It confused and misled the jury, and should not have been given. *Donahoe v. Wabash,* 83 Mo. 560; *Chouteau v. Jupiter Iron Works,* 83 Mo. 73; *Greer v. Parker,* 85 Mo. 107. The defendant, by receiving the timber with a guilty and assenting knowledge of the fact it was procured by a trespass, was a trespasser *ab initio. Holliday v. Jackson,* 30 Mo. App. 263.

*W. H. Miller* and *B. F. Davis*, for respondents.

The appellant's lessee Conner being in actual possession of the land at the time of the alleged trespass, the appellant could not maintain an action of trespass either against said lessee or any third party. *Roussin v. Benton*, 6 Mo. 592; *Cochran v. Miteside*, 34 Mo. 417; *Moore v. Perry*, 61 Mo. 174; *Brown v. Hartzell*, 87 Mo. 564; *McMenamy v. Cohick*, 1 Mo. App. 529; *Masterson v. Railroad*, 5 Mo. App. 575; *Hill v. Million*, 9 Mo. App. 599; *Schergens v. Wetzell*, 12 Mo. App. 596.

ROMBAUER, P. J. — The statute provides, in substance, that any person who shall cut down, injure or destroy or carry away any tree or timber growing on the land of another person shall pay to the party injured treble the value of the thing so destroyed or carried away, with costs; but, if, on the trial of the action, it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so destroyed and carried away, was his own, the plaintiff in the action or prosecution shall receive single damages only with costs. Revised Statutes, 1889, secs. 8675, 8678.

The present action was instituted under this statute against the defendants, who are the owners and operators of a saw mill and who bought logs to the amount of eighty thousand feet, board measure, from the plaintiff's tenant. The tenant was in possession of the land under a lease from plaintiff at the date when the alleged trespass was committed. The lease was "for such time as it shall take him (the tenant) and those to whom he shall sub-let, to clear and fence the same (the land), and prepare it ready for the plow."

The lease also contained a stipulation that any timber not necessary for fencing or the improvement of the land, and the profits of the sale thereof, should belong to the tenant. It also contained the following stipulation on which the plaintiff now mainly relies for recovery: "That he (the tenant) will not at any time, unless for fencing or improving the land herein leased, cut or permit to be cut timber on any part of said tract or tracts, except such as he has in the course of clearing at the time."

The evidence concedes that the defendants were aware of the terms of the lease under which the tenant held, but there was no evidence that the defendants had any personal knowledge on what part of the land the trees which they bought were cut, or that the tenant was not *clearing* that part of the land.

There was a judgment for the defendants in the trial court, and the plaintiff appeals and assigns for error the exclusion of evidence offered by her touching the measure of damages, and erroneous instructions given by the court. The defendants answer by stating that on the conceded facts the plaintiff cannot recover; for, assuming that the cutting of the trees was a trespass, yet at the date of the alleged trespass the plaintiff's tenant was in the actual possession of the land, and hence the plaintiff cannot maintain this action.

The earlier cases in this state intimate that *actual* possession is essential to maintain an action of trespass to the close in all cases, and that the landlord cannot maintain such an action while his tenant is in possession. *Roussin v. Benton*, 6 Mo. 593. Later decisions, however, adopt the rule generally recognized, that, where the injury is one permanent to the freehold, the landlord may sue for it even though his tenant be in possession. *Parker v. Shackelford*, 61 Mo. 68; *Austin*

*v. Coal Co.*, 72 Mo. 535, 543.   We conclude, therefore, that the court was right in refusing the defendants' demurrer to the evidence, which was interposed on the ground that, at the date of the alleged trespass, the plaintiff was not in actual possession of the premises.

On the other hand when it appeared by the plaintiff's lease, offered in evidence by the defendants, that the land was let to the tenant for the purpose of being cleared of trees and of being prepared for the plow, and that the tenant had a right to dispose of the timber cut while using the land, the plaintiff's entire case was necessarily gone.   The defendants had a right to assume that the tenant in cutting the trees, or having them cut, had a right to do so.   The limitation in the lease, that the tenant was restricted in cutting to such parts of the land as he had in course of clearing, is too vague to advise third persons dealing with the tenant of the fact that he was restricted in cutting to fixed parts of the land.   The question of the tenant's good faith in cutting for clearing purposes might become the proper subject of inquiry in actions of waste brought by the landlord against the tenant, but on what principle third persons can be affected by the secret bad faith of the tenant in cutting trees on land which he did not intend to prepare for the plow, is not conceivable.   As the verdict is the only one which the jury could render under the uncontroverted facts shown by the evidence, an inquiry into the propriety of the instructions, or into the rulings of the court on the evidence touching the measure of damages, is irrelevant.

All the judges concurring, the judgment is affirmed.