DAVID BAILEY, Appellant, v. THE A. SIEGEL GAS FIXTURE COMPANY, Respondent.

St. Louis Court of Appeals, April 25, 1893.

1. **Instructions**: SUBMISSION OF SEVERAL CAUSES OF ACTION. When several causes of action sued upon by the plaintiff are before the jury, the instructions authorizing a recovery by him should indicate specifically to which of these causes of action they are severally addressed, and should not direct a finding generally for the plaintiff upon a given state of facts.

2. **Trespass to Realty**: LANDLORD'S RIGHT OF ACTION. A landlord can maintain an action of trespass for injury to the freehold committed by a stranger while his tenant is in the possession of the land.

3. ———: MEASURE OF DAMAGES. *Held*, in the course of discussion, that the measure of damages for a trespass to land and asportations injurious to the freehold is the consequent depreciation in the value of the freehold.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Christian & Wind*, for appellant.

(1) All the permanent improvements made by lessees for purpose of fitting establishment as a Russian bath house became the property of the plaintiff. *State to use v. Marshall*, 4 Mo. App. 29; *Goodin v. Hall Ass'n*, 5 Mo. App. 289; *Donnewald v. Turner, etc., Co.*, 44 Mo. App. 350; *Rogers v. Crow*, 40 Mo. 91; *State Savings Bank v. Kercheval*, 65 Mo. 682; *Thomas v. Davis*, 76 Mo. 72. (2) As the taking of the fixtures

was an injury to the freehold, the landlord can sue, although the tenant was in the actual possession. 3 Wait's Actions & Defenses, pp. 393–394; Ewell on Fixtures, pp. 323, 428–429; Waterman on Trespass, sec. 950; 2 Woodfall on Landlord & Tenant [14 Ed.] star p. 632; *Davis v. Nash*, 32 Mo. 411. The court therefore erred in confining recovery to damages done after plaintiff had taken possession. (3) The verdict is manifestly inadequate and should be set aside. *Watson v. Harmon*, 85 Mo. 443.

*T. J. Rowe*, for respondent.

(1) If the court erred in giving instruction number 3, it was led into the error by plaintiff's action in asking a similar instruction. *Loomis v. Railroad*, 17 Mo. App. 353; *Noble v. Blount*, 77 Mo. 235; *Walker v. Owen*, 79 Mo. 568; *Holmes v. Braidwood*, 82 Mo. 617; *Davis v. Brown*, 67 Mo. 313. (2) There is no evidence tending to prove that plaintiff had any title to the personal property put in building, 611 Lucas avenue, by Reinfeld; and the lease, dated November 1, 1886, only gave plaintiff a title to the improvements made by Reinfeld when he extended the building to the alley. The steam pipes, boiler, bath tubs and wash-stands were not improvements on the building and did not revert to lessor after the termination of lease. *Baldwin v. Merrick*, 1 Mo. App. 281; *Dryden v. Kellogg*, 2 Mo. App. 87; *Ambs v. Hill*, 10 Mo. App. 108; 13 Mo. App. 585.

ROMBAUER, P. J.—This is an action of trespass on realty. The petition contains two counts, one for wrongfully carrying away certain property attached to the freehold, and the other for forcibly entering the premises and injuring them and carrying away certain other property. The jury under the instructions of

the court found a verdict for the defendant on the first count, and a verdict for $25 for the plaintiff on the second count. The plaintiff appeals, and assigns for error the refusal of his own instructions, illegal instructions given by the court of its own motion, and the inadequacy of the verdict.

The testimony tended to show the following facts. The plaintiff let the premises in question to one Reinfeld for a period of five years for the purposes of a Russian bath establishment. The lease contained this provision: "The lessees agree to immediately expend not less than $500 in improvements on said building and premises, and all said improvements to belong to lessor or his assigns at the termination of the lease." The lessee made material improvements on the premises by extending the building, subdividing it by partitions, and putting in fixtures to fit it for a Russian bath house. These fixtures were put in by the defendant, but as to whether they were permanently attached to the freehold the testimony is conflicting. The lease had run for about six months, when a fire broke out in the premises and materially injured their interior. The lessee thereupon surrendered the lease to the plaintiff, but delivered the keys to the defendant to enable the latter to remove the fixtures it had placed into the premises. The defendant had removed part of the fixtures, when the plaintiff took actual possession of the house and locked it up. The defendant afterwards forcibly broke into the house and removed the residue of the fixtures. The two counts in the petition have reference to these two entries by the defendant, one occurring before and the other after the plaintiff had taken actual possession. Touching the question, whether in the removal of these fixtures the freehold was injured, the testimony was conflicting.

We deem it unnecessary to set out the plaintiff's instructions in full. It suffices to say that they were properly refused, because they did not address themselves specifically to the complaints of either count, but concluded with the statement that the finding of certain facts by the jury entitled the plaintiff to a recovery. The instructions were furthermore erroneous in stating to the jury the plaintiff's measure of damages. There was, therefore, no error in refusing plaintiff's instructions. There was, however, error in the following instructions given by the court of its own motion.

"If the jury find from the evidence that plaintiff had possession of building number 611 Lucas avenue, and had the doors of same 'fastened by locks or otherwise, and that defendant by its agents or employes entered said building without his authority, they will find for plaintiff and assess his damages at such sum as shown by the evidence plaintiff sustained by the unlawful act of defendant in entering the premises, and they may take into consideration any injury done by them to the property mentioned in the first count of the petition while they were in said premises. Unless you so believe from the evidence, you will find for the defendant.

"If the jury find from the evidence that plaintiff and Reinfeld and wife entered into the lease read in evidence, and that thereafter, and about the month of August, 1887, said Reinfeld and wife surrendered said lease to plaintiff, and that plaintiff thereupon resumed possession of the premises known as 611 Lucas avenue, and that thereafter, and while plaintiff was in possession thereof, the defendant by its officers, agents or employes, entered upon said premises without authority from the plaintiff, and that while there they did any injury to said premises or to the property mentioned in

the first count in the petition, you will find for the plaintiff. Unless you so find from the evidence, you will find for the defendant.''

These instructions are predicated on the theory that there could be no recovery by the plaintiff, even though the injury was one to the freehold, unless the plaintiff was in the actual possession of the premises. Such is not the law. For an injury to the freehold done by a stranger, the landlord may sue, though his tenant is in possession. *Parker v. Shackelford*, 61 Mo. 68; *Austin v. Coal Co.*, 72 Mo. 535; *Cramer v. Grossclose*, 53 Mo. App. 648. The defendant claims that this error was brought about by an instruction asked by the plaintiff predicating his right of recovery upon actual possession, and hence that the plaintiff should not now be heard to complain, when he himself led the court into error. This, however, is not tenable. The plaintiff's instruction, which was given by the court in a modified form, did not conclude with a direction to the jury to find for the defendant, unless they did find actual possession in the plaintiff at the time of the alleged tresspass. Had this concluding part been omitted from the court's instructions, the point now made by the defendant would be well taken.

The court also gave the following instruction to the jury:

"The jury are instructed that, while this is an action for an alleged trespass to real estate, still the taking and carrying away of the personal property mentioned in the first count of the plaintiff's petition may be considered in estimating the damages for trespassing on the real estate, if the jury find from the evidence that the defendant by its officers, agents or employes, were guilty of trespassing upon the real estate in question, while said premises were in the pos-

session of plaintiff, and that they did take and carry away such personal property.''

This instruction is also erroneous. It tells the jury that the property mentioned in the first count of plaintiff's petition was personal property. Whether it was such or not, was one of the very issues to be found by the jury. It is true that, if any of the property attached to the premises in any manner was carried away by the defendant after the plaintiff had taken actual possession, then it is immaterial whether the property as between the landlord and tenant was personal property or part of the freehold. The instruction was, therefore, correct to the extent of conveying to the jury that information.

As the judgment must be reversed for error in these instructions, and remanded for new trial, we will add for the guidance of the trial court that the plaintiff's measure of damages in case of recovery is the depreciation in the value of the freehold by the defendant's trespasses and asportations, and that the jury should be instructed to find separately on each count the damage, if any, so done.

The judgment is reversed, and cause remanded. Judge BIGGS concurs. · Judge BOND does not sit.