ANTON KEINSTRA, Respondent, v. JOHN C. KING,
Appellant.

St. Louis Court of Appeals, November 2, 1909.

1. **LANDLORD AND TENANT: Liability for Rent: Possession:
   Case Stated.** Plaintiff leased his property and permitted the
   lessee to assign the lease to a corporation, all the assets of
   which were subsequently purchased by the wife of defendant.
   These assets were conveyed by defendant's wife to the King
   Electric Company, a corporation, which entered into possession
   of plaintiff's premises as tenant, was recognized by him as such,
   and carried on its business in a plant located on said premises
   for five or six years, then moved the machinery away and left
   the buildings there, plaintiff accepting the rent first from de-
   fendant's wife and then from defendant. In an action against
   defendant, who was president of said King Electric Company,
   for the recovery of unpaid rent for said premises, it is *held* that
   the King Electric Company, and not defendant, occupied said
   premises and was the tenant of plaintiff.

2. **CORPORATIONS: Liability of Substantial Owner of Corpora-
   tion: Using Corporation to Escape Personal Liability.** Some-
   times, when an individual attempts to use a corporation, which
   he substantially owns and controls, as a cloak to evade personal
   liability, a court will disregard the corporate existence.

Appeal from St. Louis City Circuit Court.—*Hon. Chas.
Claflin Allen*, Judge.

REVERSED.

*Kinealy & Kinealy* for appellant.

(1) Appellant is not liable under the lease, be-
cause neither an assignment of the lease to him nor
any occupation of the premises by him is shown. Dough-
erty v. Mathews, 35 Mo. 520; Hynes v. Ecker, 34 Mo.
App. 650. (2) Neither a contract to occupy the prem-
ises nor any occupancy thereof being shown, appellant
cannot be held liable as a monthly tenant. 1 R. S. 1899,
sec. 4110; Squire v. Brewing Co., 90 Mo. App. 462; 18
Am. & Eng. Ency. of Law (2 Ed.), 166.

143 App—3

*J. W. Settle* for respondent.

Respondent personally assumed to collect all money due the plant, pay all of the accounts incidental to the operation of the plant, including the rent, and in fact used and occupied the premises for his personal benefit. Personal liability of trustee. Iron Works v. Kinealy, 86 Mo. App. 201.

This action was instituted before a justice of the peace, whence it proceeded to the circuit court. It is an action for three months' rent, to-wit, from October 1, 1906, to January 1, 1907, at $8.33-1-3 a month for part of lot No. 1 of Ashland, a subdivision of part of the January farm in the city of Ferguson, county of St. Louis and State of Missouri, being the same property described in the lease of said Keinstra to George W. Downs, and others, dated June 1, 1895, so the complaint says. The written lease shows plaintiff had let the premises to George W. Downs, John M. Ashbrook and Olive P. Downs on June 1, 1895 for a term commencing that day and to end June 1; 1912, at an annual rental of $100, payable in monthly installments of $8.33 1-3. These lessees formed a corporation known as the Olive Branch Electric Company, in which the lessees owned the stock and with the consent of plaintiff, the lessor, they assigned the lease to said company. That company erected an electric plant on the ground and operated the plant until some time in 1898, we understand, when a receiver was appointed for it and afterwards the property was sold by the receiver under an order of court and purchased by Ida A. King, defendant's wife. She conveyed the property to the King Electric Company, a corporation, and that corporation executed a deed of trust to her to secure the purchase money of $10,000. The King Electric Company, of which defendant was president, operated the plant until 1901, or about three years, when

it established a new plant at De Hodiamont and Bartmer avenues in St. Louis. The machinery of the plant on the leased property was moved out, but the buildings, a shed and some poles were left on the leased property. While the King Electric Company was in possession, some time after it abandoned possession and up to the maturity of the installment in suit, King, the president, paid the rent with his own checks most of the time, but he testified he paid out of the funds of the company, as he did other debts of the company. In every instance, save one, plaintiff gave receipts for the rent to King. Mrs. King paid the rent for a while with her personal checks, plaintiff testified. King refused to pay the rent in controversy, saying he had nothing more to do with the property; that he had sold out his interest. It does not appear the lease, which had previously been assigned to the Olive Branch Electric Company, had ever been assigned to Mrs. King or the King Electric Company. The King Electric Company is still in existence operating a plant at De Hodiamont. Defendant and his wife each owned forty-nine shares of the King Electric stock and their son owned two shares. After the death of Mrs. King defendant owned ninety-eight shares, and the son having died also, two men named Herman and Grossman, each owned a share. At the request of defendant the court gave the following declarations of law:

"The court declares the law to be that the defendant is not liable for the rent here sued for under or by reason of the lease read in evidence.

"The court declares the law to be that if the court finds from the evidence that the only acts of control which the defendant exercised over the premises involved in this suit were as president of the King Electric Company and that said company was a corporation, then plaintiff is not entitled to recover and the finding must be in favor of the defendant.

"The court instructs that the mere fact that Mr. King's personal check was used in paying the rent of the premises in question does not entitle plaintiff to recover in this suit.

"The court declares the law to be that the burden is upon the plaintiff to show by a preponderance of the evidence that at the time of the institution of this suit the relation of landlord and tenant existed between plaintiff and defendant as to the premises involved in this suit.

"The court declares the law to be that if the court finds from the evidence that when this suit was instituted the King Electric Company was in possession of the premises here in question and that the rent of said premises was paid by defendant King as president of said company or in its behalf, then plaintiff cannot recover in this action.

"The court declares the law to be that if the court finds from the evidence that the defendant John C. King was never, individually or by agent, in possession of the premises here in question, then the plaintiff is not entitled to recover and the finding must be in favor of the defendant."

No declarations were given at plaintiff's request, but the court found a verdict and judgment for plaintiff and defendant appealed.

GOODE, J. (after stating the facts).—The way the court declared the law leaves but one ground on which defendant can be held personally liable for the rent, i. e., that the relation of landlord and tenant had become established between plaintiff and defendant by the latter's use and occupation of the premises. The court declared defendant was not liable by virtue of the written lease or if the only acts of control he exercised over the premises were as president of the company; that the relation of landlord and

tenant between him and plaintiff must have existed to lay him liable; that if the King Electric Company was in possession of the premises and defendant paid rent as president of said company, plaintiff could not recover, and if defendant never was as an individual, or by agent, in possession of the premises, plaintiff could not recover. We can conceive of no possible theory under which defendant can be made liable in view of those declarations, unless he was found to have been personally in the use and occupation of the premises and the tenant of plaintiff. [Cohen v. Kyler, 27 Mo. 123; Hynes v. Ecker, 34 Mo. App. 650, 658.] The difficulty with this theory is there is no testimony to show defendant was ever as an individual in occupation of the premises or tenant of plaintiff. Plaintiff's own testimony shows he let to other individuals, permitted them to assign the lease to the Olive Branch Company; after that company had sold out under a receiver and Mrs. King had purchased and a new company, the King Electric, had been organized, recognized the latter as tenant and in possession and had accepted rent first from Mrs. King and then from King. It is true he testified they paid by personal checks, but we regard this as an immaterial circumstance; for he swore the King Electric Company carried on business in the plant for five or six years, then moved the machinery away and left the buildings there. Plainly under all the testimony it was the King Electric Company and not defendant who used and occupied the premises and was the tenant of plaintiff. The point has not been made that defendant is liable for the rent as owner of practically the entire stock of the corporation, and as far as the evidence shows there were at least two other stockholders when this rent accrued who were not even members of defendant's family. Sometimes when an individual attempts to use a corporation which he substantially owns and controls as a cloak to evade personal liability, a court will disregard the corporate

existence. [Cook, Corporations (6 Ed.), secs. 6, 663.] Nothing had been advanced to show this case ought to be determined on that proposition.

The judgment is reversed. All concur.