WILLIAM B. THOMPSON, Respondent, v. GRANITE BITUMINOUS PAVING CO., and WEBB-KUNZE CONSTRUCTION CO., Appellants.

St. Louis Court of Appeals.     Opinion Filed May 7, 1918.

1. **TRIAL PRACTICE:** Appellate Practice: Demurrer to Evidence: Right to Recover. The question as to plaintiff's right to recover at all was raised by the demurrers to the evidence interposed below, and is consequently presented in the appellate court by the record.

2. ——: ——: ——: **New Trial: Harmless Error.** If plaintiff, under his petition and the evidence adduced, was not entitled to go to the jury, then the order of the trial court setting aside the verdict for defendants, upon the theory that error had been committed in the course of the trial, cannot be permitted to stand, since no such error, if any, can be said to have been prejudicial to the rights of plaintiff, and serve as a valid reason for setting aside the verdict, if in fact the court should have sustained a demurrer to the evidence.

3. **LANDLORD AND TENANT: Lack of Possession: Trespasser: Injury to Reversion.** Where the owner of land was out of possession, the entire premises being in the exclusive possession of a tenant, he cannot recover in trespass as for a wrong committed against the possession, though, as an owner out of possession, he may have his action against a trespasser for an injury done the reversion.

4. ——: **Injury to Reversion: Nature of Action.** At common law, a landlord's action for an injury done to the reversion was technically not an action of trespass, but of trespass on the case, a distinction without importance under the Missouri code procedure.

5. ——: **Damages: Measure of Damages: Injury to Reversion.** In an action of trespass on the case by a landlord for injury to the reversion by dumping earth on the premises, the measure of damages would be the depreciation in the market value of the land after the earth was dumped thereupon, from its value prior thereto, unless the cost of removing the soil thus placed upon the land would be less than the depreciation in the value of the freehold.

6. ——: **Use and Occupation: Relation of Landlord and Tenant.** An action for use and occupation of land cannot be maintained, unless the relation of landlord and tenant exists between the parties, founded on agreement express or implied.

7. ——: ——: ——: **Use of Land under License from Tenant.** An owner land, in possession of a tenant from month to month, can have no cause of action against defendants for their mere use of the land for dumping purposes or otherwise, without injury to the reversion, under license from the tenant; the evidence showing that the relation of landlord and tenant did not exist between plaintiff and defendants.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Kent K. Koerner,* Judge.

REVERSED AND REMANDED *(with directions).*

*Kinealy &Kinealy* and *Sturdevant & Sturdevant* for appellants.

(1) The action of the court in sustaining plaintiff's motion for new trial for alleged error in instruction No. 5 was equivalent to overruling the motion as to all other grounds. Bradley v. Reppell, 133 Mo. 545; Ittner v. Hughes, 133 Mo. 679. (2) Where, as here, the plaintiff was not entitled to recover at all, the order granting a new trial should be set aside and the verdict and judgment in favor of the defendants reinstated. Grain Co. v. Railroad, 177 Mo. App. 194. (3) Plaintiff not being in possession could not sue for trespass. Lindenbower v. Bentley, 86 Mo. 515; Zeitinger v. Hackworth, 117 Mo. 505. (4) And he was not entitled to recover for injury to the inheritance because he did not show any depreciation in value due to defendants' acts, even assuming such acts to have been wrongful. Such depreciation in value is the measure of damages in such cases. St. Louis Trust Co. v. Bambrick, 149 Mo. 560; Bailey v. Siegel G. F. Co., 54 Mo. App. 50; Robinson v. Mining Co., 178 Mo. App. 531; Coffman v. Railroad, 183 Mo. App. 622. (5) Instruction No. 5 was correct because plaintiff was bound by the acts of his tenant Bailey as to all matters in which said Bailey, with the knowledge of plaintiff, purported to act with authority from plaintiff. 2 C. J. 435, tit. Agency; Somerville v. Railroad, 62 Mo. 391; Johnson v. Hurley, 115 Mo. App. 513. (6) And because plaintiff under such circumstances was estopped from denying the authority of said Bailey. 2 C. J. 461, tit. Agency.

*David Goldsmith* and *Ford W. Thompson* for respondent.

(1) The court erred in permitting the witness Keary to testify concerning the dumping of earth by various contractors without requiring any evidence

that this was known to the plaintiff. (2) The court erred in permitting the witness David E. Murphy to testify concerning the dumping of earth by himself without requiring any evidence that this was known to the plaintiff. (3) The court erred in giving, at the instance of the appellants, the instruction hereinbefore set out.

ALLEN, J. —The petition herein alleges that plaintiff is, and at all times mentioned in the petition was, the owner of a certain tract of ground in the city of St. Louis, consisting of certain lots, with the exception of "that portion of said lots which is contained in a certain public street known as Northland avenue," which now extends through the original tract, and excepting two public alleys extending through the same; "that defendants, through their agents and servants, between April 25, 1914, and August 6, 1914, without the knowledge or consent of plaintiff, caused to be dumped and laid upon said land a large amount, to-wit, Sixty-three and seventy-one hundredths (63.71) cubic yards of earth, taken and removed from said Northland avenue; that the reasonable value of the use of said land for dumping of said earth is the sum of three thousand dollars ($3000); that no part of said sum has been paid by said defendants, although demanded." Judgment is prayed for $3000.

The answer admits that some earth was placed by defendants upon the land described in the petition, but avers "that the same was done with the permission and consent of plaintiff under verbal agreement between these defendants and plaintiff through F. H. Bailey, the tenant and occupant thereof at the time, who was the agent of plaintiff and duly authorized to make said agreement." The other allegations of the petition are denied.

The trial, before the court and a jury, resulted in a verdict for defendants. Thereafter the court sustained plaintiff's motion for a new trial on the ground that error had been committed at the trial in the

giving of an instruction for defendants, defendants' instruction No. 5. From the order granting the new trial the defendants prosecute the appeal before us.

The evidence shows that in 1914, and for many years prior thereto, plaintiff owned the tract of land mentioned in the petition, lying on the north side of Spalding avenue between Kings highway and Union boulevards, in the city of St. Louis, containing about ten or twelve acres of land. In 1910 plaintiff rented the property to one Bailey, as a tenant from month to month, who remained such tenant and was in possession thereof during the year 1914. Bailey occupied an eight room house situated upon the land, and according to plaintiff's testimony, "had possession of all the land except what was taken for streets and alleys." It appears that in 1911 there was a large depression upon this land wherein water collected forming a pond; that plaintiff desired to have this depression filled, and that the Board of Health of the city of St. Louis took steps to require this to be done. In that year plaintiff gave a letter to one Holmes authorizing him to enter upon the premises and dump earth into the depression, and later made an arrangement with the Union Electric Light & Power Company to dump earth at this place. According to testimony for plaintiff this depression was entirely filled by some time in 1913. Plaintiff testified that he never at any time gave Bailey a permit to allow dumping upon the land; but it appears that Bailey did at different times allow contractors to use the land as a dumping place. And in 1914 the defendant Webb-Kunze Construction Co. being then engaged—under contract with its co-defendant—in excavation work for the construction of Northland avenue, which had been opened through plaintiff's tract of land, entered into an oral agreement with Bailey whereby, in consideration of the sum of $125 paid to him, Bailey undertook to authorize said defendant to dump upon plaintiff's land the dirt excavated in making this street. And under this agreement said defendant dumped earth

over practically all of plaintiff's land. Plaintiff's evidence tends to show that the layer of earth placed upon the land varied from about one foot to something more that two feet in thickness. According to defendants' evidence there was then a depression upon the land, which was first filled by the dirt dumped by the defendant construction company. And it is said that the dumping was done under the supervision of Bailey, with the view of filling up the lower places; and that he required that the surface be "leveled up."

Plaintiff adduced evidence tending to show the reasonable value of the use of the land for dumping purposes. There is no evidence, however, tending to show any injury to the reversion or freehold by the placing of this earth upon plaintiff's land.

At the close of plaintiff's case and again at the close of the entire case, defendants offered a peremptory instruction in the nature of a demurrer to the evidence which was refused. In the view which we take of the case it is unnecessary to set out defendants' instruction No. 5, or any of the other instructions given.

Learned counsel for appellant, while contending that if the case was one for the jury it was not error to give defendants' instruction No. 5, argue with much force and earnestness that in no event was plaintiff entitled to recover under the petition and evidence in this case; that the demurrer to the evidence should therefore have been sustained; and that consequently, regardless of all other considerations, the court erred in disturbing the verdict obtained by defendants at the hands of the jury.

The question as to plaintiff's right to recover at all was, of course, raised by the demurrers to the evidence interposed below, and is consequently here presented by this record. And it is undeniably true that if plaintiff, under his petition and the evidence adduced, was not entitled to go to the jury, then the order of the trial court setting aside the verdict for defendants, upon the theory

that error had been committed in the course of the trial, cannot be permitted to stand. No such error, if any, can be said to have been prejudicial to the rights of plaintiff, and serve as a valid reason for setting aside the verdict, if in fact the court should have sustained a demurrer to the evidence. [Johnson Grain Co., v. Railroad, 177 Mo. App. 194, 164 S. W. 182.]

Pursuing the argument advanced by appellant's counsel in this connection, the averments of the petition should first be noticed It is charged that the defendants dumped the earth in question upon plaintiff's land without plaintiff's knowledge or consent; and it is then averred, that the reasonable value of the use of the land for such dumping purposes was $3000, for which a recovery is sought. Appellant refers to the petition as one seeking to recover in trespass, but says that since plaintiff admits that he was out of possession he can recover only for injury to the reversion. Respondent's learned counsel at the outset of their statement contained in their brief refer to the action as one in trespass; however, elsewhere throughout their brief they appear to deal with the action as one to recover for the value of a "dumping privilege"—by which must be meant a recovery as for the use and occupation of the land for such purpose.

It is quite clear that plaintiff being out of possession—the entire premises then being in exclusive possession of Bailey, the tenant—cannot recover in trespass as for a wrong committed against the possession (Lindenbower v. Bentley, 86 Mo. 515; Zeitinger v. Hackworth, 117 Mo. 505, 23 S. W. 763; Thurmond v. White Lime Ass'n., 125 Mo. App. 73, 102 S. W. 617), though, as an owner out of possession, he may have his action against a trespasser for an injury done to the reversion. [Bobb v. Syenite Grain Co., 41 Mo. App. 642; Bailey v. Siegel Gas Fixtures Co., 54 Mo. App. 50; Ridge v. Transfer Co., 56 Mo. App. 133.] At common law this action of a landlord for an injury

done to the reversion was technically not an action of trespass, but one of trespass on the case—a distinction of no importance under our code procedure [Bobb v. Syenite Grain Co., supra; Ridge v. Transfer Co., supra.] In an action of this character the measure of plaintiff's damages would be the depreciation in the market value of the land, if any, resulting from the dumping of the earth thereupon (Bailey v. Seigel Gas Fixtures Co., supra; St. Louis Tr. Co. v. Bambrick, 149 Mo. 560, 51 S. W. 706; Robinson v. Mining Co., 178 Mo. App. 531, 163 S. W. 885; Coffman v. Railroad, 183 Mo. App. 622, 167 S. W. 1053); unless it appear that the cost of removing the soil thus placed upon the land would be less than such depreciation in the value of the freehold. [Robinson v. Mining Co., supra, and cases cited.]

But plaintiff has neither alleged any damages to the freehold nor is there any evidence whatsoever tending to show any such damage. Indeed, as said, plaintiff's case does not proceed upon this theory at all; on the contrary the recovery sought is for the reasonable value of the use of the land for the purpose mentioned, though the petition does not state a cause of action for use and occupation of the land, since it does not attempt to allege any contractual relation arising in any manner between the parties, but alleges that defendants made such use of the land "without plaintiff's knowledge or consent." An action for use and occupation cannot be maintained unless the relation of landlord and tenant exists between the parties, founded upon an agreement express or implied. [Hood v. Mathis, 21 Mo 308; Kohen v. Kyler, 27 Mo. 122; Hunton v. Powers, 38 Mo. 353; Edmonson v. Kite, 43 Mo. 176; Starbuck v. Avery, 132 Mo. App. 542, 112 S. W. 33; Keinstra v. King, 143 Mo. App. 33, l. c. 37, 122 S. W. 337; State ex rel. v. Dickmann, 146 Mo. App. 396, 124 S. W. 39; Haumueller v. Ackermann, 150 Mo. App. 141, 130 S. W. 91; Bracht v. Johnson, 187 Mo. App. 220, 173 S. W. 692;

39 Cyc. 853; Young, et al. v. Home Telephone Co., 201 S. W. 635.]

Not only is the petition insufficient, as one attempting to state a cause of action for use and occupation, but the evidence conclusively shows that the relation of landlord and tenant did not in any manner exist between the plaintiff and the defendants. For the mere use by defendants of the land, for dumping purposes or otherwise, without injury to the reversion, under license from Bailey who was in possession thereof as a tenant from month to month, plaintiff can have no cause of action against defendants. The fact that earth was not only dumped upon the land but was permitted to there remain may perhaps constitute an injury to the reversion for which defendants may be held answerable to plaintiff in damages, but plaintiff's right to recover damages for such injury, if any, is not here involved.

We regard it as quite clear that under the petition and the evidence in the case plaintiff was not entitled to recover in this action, and that the court should have sustained defendants' demurrer to the evidence. And it follows, from what he have said above, that the trial court was not warranted in granting the new trial and depriving defendants of the verdict in their favor.

The order granting the new trial will consequently be reversed and the cause remanded with directions to the circuit court to reinstate the verdict and enter judgment thereon accordingly. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.