COUNT DE GIVERVILLE ET UX., Appellants, *v.* AUGUST STOLLE, Respondent.

### June 8, 1880.

Service of a notice to terminate a tenancy, made by leaving a copy with a servant of the keeper of a boarding-house at which the tenant had resided and where his wife yet remained, is insufficient where it appears that by proper inquiry and reasonable diligence the tenant could have been found.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

JOHN N. STRAAT, for the appellants.

KEHR & TITTMANN, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was an action for three months' rent, begun before a justice. On trial anew in the Circuit Court, on an agreed statement of facts, there was a finding and judgment for defendant. The agreed statement of facts is as follows :

On November 1, 1873, plaintiffs, by written lease, demised

to defendant the premises described in the complaint, for one year ending November 1, 1874. Defendant took possession under said lease, and paid plaintiffs the sum stipulated therein. At the expiration of said year the following agreement in writing, signed by the Count de Giverville and by defendant, was indorsed on the original lease, viz. :

"This lease is prolonged, with the same clauses and covenants, for the lapse of time that the land shall remain the property of the parties of the first part, providing that the party of the second part shall pay the yearly rent of two hundred and fifty dollars, payable in equal quarterly instalments."

Under said agreement defendant continued in possession of the said premises and paid all the rent to November 1, 1878. Plaintiffs are husband and wife, have no children, and live with one Waterman, whose family consists of his wife and six children. Said Waterman lives at what is known as "Kingsbury Place," keeps house there, and employs all of the servants. Plaintiffs have no servants in their immediate employ ; they board with Waterman, to whom they pay a sum monthly for board and lodging. On or about June 23, 1878, defendant caused a writing to be prepared, directed to plaintiffs, notifying them that on the first day of November, 1878, he would quit the possession of and remove from the said premises (describing them) then occupied by him as tenant. On said day a person in defendant's employ took a true copy of said notice, went to said "Kingsbury Place," asked to see the plaintiff, the Count de Giverville, and was told that he (the Count) was not at home. Said employee then asked for Mrs. Waterman, and was told that she could not then see him ; whereupon he gave the copy of said notice to a colored woman, aged about nineteen years, who was in the employ of Waterman as a cook. The plaintiff (De Giverville) was absent from "Kingsbury Place" from some time in May, 1878, until about September 10, 1878, during

which time he was sick at the Sisters' Hospital, his wife during this time remaining at "Kingsbury Place." On November 1, 1878, plaintiff did vacate and remove from the said premises, having paid all the rent to that date. The premises described in the lease are a farm situated in Central Township.

Assuming, as it is claimed by respondent, that this lease limits no certain term, and that the tenancy was, therefore, a tenancy from year to year, the defendant could terminate the tenancy by giving three months' notice; and so the trial court held. The question then is, whether the notice was sufficient.

Service of a notice of this character at the dwelling-house of the party is sufficient, whether upon the party in person, his wife, or his servant. 2 Greenl. on Ev. 324; *Cook* v. *Creswell*, 44 Md. 596. It seems also to be settled that when personal service in a case of this character cannot be effected, it will be sufficient if the service is left with the husband, or wife, or servant of the tenant, at his usual place of residence, whether on the demised premises or not, and whether the tenant actually received the notice or not. Taylor's L. & T., sect. 484. In England it is held that the contents of the notice should be explained to the servant with whom the notice is left; but no such rule seems to obtain in America. *Walker* v. *Sharp*, 103 Mass. 154.

Where the statute required service at the defendant's usual place of residence by copy left with some member of the family over fourteen years old, it was held that return that a copy was left " with Mrs. Gray, at defendant's boarding-house, being the residence of E. E. Gray, Mrs. Gray being over fourteen and a member of the family of E. E. Gray," was bad, both because it did not appear that Gray's house was the defendant's usual place of residence, and also because the return did not show that Mrs. Gray was a member of defendant's family. The boarder and the persons keeping the house at which he boards are not necessarily one family. *Converse* v. *Warren*, 4 Iowa, 158. The servant

of the family with whom De Giverville was boarding was not, therefore, his servant, and we regard the service as insufficient. No diligence was shown. De Giverville, it appears, was in town, his abode was known, and he might have been readily found.

Service by copy may be liberally viewed for certain purposes. But it is not so viewed in all cases. One may be presumed to remember that he has indorsed a note, and to expect notice about a certain time. But in proceedings to terminate a tenancy by notice, whilst to require personal service might put it in the power of the adverse party to make it impossible to terminate a tenancy in the absence of some statutory provision, the rule as to service by copy should be applied with some strictness, and it should appear that there has been reasonable diligence, and that the mode adopted is reasonably likely to give actual notice where there is no appearance of attempt on the part of the one to be served to evade notice.

We have made some examination of the cases, and know of none in which it has been held that service on the servant of the family with whom the person to be served was boarding, was sufficient to terminate a tenancy. In the case before us, De Giverville had been absent from the boarding-house of his wife and living in a hospital in the same town for more than a month before the attempted service. His wife, for all that appears to the contrary, may have been in the house when the officer or person attempting the service came with the notice. He did not ask for her. No doubt can exist that, by proper diligence, De Giverville and his wife, the plaintiffs here and lessors of defendant, might have been both personally served on the day the notice was left with the cook at the house of the family with whom Madame De Giverville was boarding.

The judgment is reversed and the cause remanded. All the judges concur.