ELIZABETH HELLER, Respondent, *v.* AUGUST LEISSE, ADMINISTRATOR, Appellant.

### January 16, 1883.

1. ADMINISTRATION—ASSIGNMENT OF PATENTS. — It is competent for an order of distribution by the probate court to direct the administrator to assign in writing the estate's interest in a patent.

2. —— NOTICE — WIDOW — SELECTION OF PERSONALTY — SALE TO ADMINISTRATOR. — The statutory provision that the widow shall make her selection of personalty before the sale does not apply where she has no notice of the sale and where the administrator is the purchaser.

3. —— SELECTION OF PERSONALTY SOLD TO ADMINISTRATOR. — Where the administrator, without notice to the widow, purchases property which she has a right to choose as her own, she will, in the absence of laches on her own part, or of the intervention of the rights of third persons, be allowed to make her selection out of the property sold to the administrator.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed*.

LOUIS GOTTSCHALK, for the appellant.

FINKELNBURG & RASSIEUR, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff, at the September term, 1881, of the probate court of the city of St. Louis, made an application in writing to that court, as widow of defendant's intestate, in which she set forth that, among the personal property of the deceased, there were the exclusive rights in and to certain letters patent of the United States for two inventions, which letters are described; that said rights and property were appraised at $350; that plaintiff as widow chose these patent rights as part of the personalty; that she made this choice on March 17, 1879, and notified the administrator thereof; that the administrator refuses to assign to her these patent rights. She prays the court to order the administrator to make an assignment and conveyance to her of these letters patent. The probate court, on hearing, ordered the administrator to assign to the widow these letters patent. On the trial anew, on appeal to the circuit court, that court made the same order, that the administrator assign in writing these letters patent to the widow.

It appeared from the evidence that defendant administered, on February 11, 1879, on the estate of the husband of plaintiff; that amongst the personalty inventoried were these letters patent; that they were appraised at $350. On March 17, 1879, the widow chose to take the letters patent at their appraised value, and on April 10, 1879, she applied to the administrator for this property, in writing, by a letter and receipt left on that day at the abode of the administrator, with a member of his family over the age of fifteen years. The receipt was dated the 17th day of March, but though the receipt and letter were left at his house on April 10th, they were not actually received by the administrator, according

to his testimony, before May 12th; and, before that, he says, he knew nothing of the widow's choice. On March 21, 1879, he had petitioned for leave to sell the personalty at private sale ; and, on April 23, 1879, he sold all the personalty to himself at its appraised value. The administrator charged himself with these sums in his settlements. The estate is not finally settled ; and sufficient money to pay the widow her allowance of $400, remains in the administrator's hands.

The statute provides, that the widow may take such personal property as she may choose, not to exceed the appraised value of $400 ; and that she shall apply for such property before the same shall be distributed or sold. Rev. Stats., sects. 107, 108. It is contended by appellant that the application for the property in this case was not made until May 12th, the date on which it was actually received by the administrator, and that, as this was after the sale, it was too late. Undoubtedly, it is a general rule of law, that, where notice is required by the statute, and the method of service is not prescribed, personal service is meant. *Ryan v. Kelly*, 9 Mo. App. 396. In the case at bar, the widow made out a written notice of her choice, which was served upon the administrator five weeks after the date of his letters, by leaving a copy at his residence in the manner required for service of summons in civil actions. Whether such an indication of her election would have been sufficient in case of a *bona fide* sale to a stranger which fulfilled in all respects the statutory conditions, we need not determine, because that is not the case presented. In the case at bar, the purchaser was the administrator himself, and we are of opinion that, as it does not appear that the widow had actual notice of the order of sale, or that she was in any way consulted by him as to her choice in the matter, her election, so far as he is concerned, ought to be regarded as sufficiently declared. The statute nowhere says that she shall serve notice of her choice upon the administrator. Where he, in

so short a time after the grant of letters, sells the person-
alty, and purchases it himself, knowing, as he does, the
right of the widow to elect, good faith to her requires, if
it can be conveniently done, that he should first consult her,
and give her a fair opportunity of exercising her election;
and where this has not been done, as between the adminis-
trator and the widow, such a sale ought not to be held to
deprive her of her rights of election, on the mere ground
that notice of it was not brought home to him by personal
service, where she seems to have been diligent in asserting
her rights.

It is contended that the probate court has no jurisdiction
to determine title to personal property, or to order the ex-
ecutor to make a conveyance. Where there is a question
whether personalty belongs to the deceased at the time of
his death, or to some outside claimant, the question of
absolute right cannot be determined by any proceedings
in the probate court. *Smith* v. *Gilmore, ante* p. 155.
But the probate court is charged with the duty of distrib-
uting the personal estate of the deceased, and may make
orders for the distribution of personal property in the hands
of the administrator. Rev. Stats., sect. 103. And section
108 of the administration law requires the administrator to
deliver to the widow the property chosen by her under sec-
tion 107, and, generally, the court may " make such orders as
the interests of the estate may require." Undoubtedly that
court may enforce all such orders as it may legally make.
As the laws of the United States (Rev. Stats., sect. 4896)
require that every patent shall be assignable in writing, we
have no doubt that the probate court, where it makes an
order of distribution embracing a United States patent,
may require the administrator to assign in writing all the
interest of the estate of which he is administrator thereto.

We are of the opinion that the administrator cannot pur-
chase property of the estate which the widow has a right
to choose as her own, without the full knowledge and con-

sent of the widow; and that, if he would uphold the sale, it is for him to show that he has given notice to the widow, where she is on the spot and can be reached; and that, in the absence of such notice to her under such circumstances, her right of election ought not to be considered as barred, as between herself and the administrator, at least where there have been no laches or unusual delay on her part in making her choice. *Thornton* v. *Irwin*, 43 Mo. 153. The judgment is affirmed. All the judges concur.