## THEODORE H. HAUMUELLER, Appellant, v. EDWIN ACKERMANN, Respondent.

### St. Louis Court of Appeals, June 28, 1910.

1. **LANDLORD AND TENANT: Tenancy From Month to Month.** Where a tenant occupies a tenement for a certain rental per month, under a verbal agreement, he is a tenant from month to month, under section 4110, Revised Statutes 1899.

2. **NOTICE: Personal Service Required, When.** Ordinarily, unless a statute authorizes a substituted or constructive service, the law intends that personal service shall be had.

3. **LANDLORD AND TENANT: Tenancy from Month to Month: Notice to Quit: Manner of Service.** Under section 4110, Revised Statutes 1899, the notice to terminate a tenancy from month to month must be given to the tenant in person or to his agent in charge of the premises, unless it appears to be impossible to serve the notice on the tenant in person, in which case it will be sufficient if the notice is left with the husband or wife of the tenant at the usual place of residence, whether upon the demised premises or elsewhere, and its nature and contents explained at the time, although the tenant does not receive it.

4. ———: ———: ———: ———: Service on Tenant's Wife Not Sufficient, When. Service of a notice to terminate a tenancy from month to month on a tenant's wife, while he was absent at work, in the absence of a showing that he was out of the city, or that he could not have been served without difficulty, or that the notice was explained to the wife when served upon her, or that she communicated the fact of its service or delivered it to her husband, was insufficient, unless she was his agent, or the person in possession, within the meaning of section 4110, Revised Statutes 1899.

5. ———: ———: ———: ———: Effect of Wife's Paying Rent. The mere fact that the tenant's wife paid the rent at the instance of her husband does not make her the person in possession of the property and her husband's agent, within the statute, for the purpose of receiving a notice to quit.

6. ———: ———: Unlawful Detainer: Pleading: Variance. In an action for unlawful detainer under section 3321, Revised Statutes 1899, where the petition counts upon the theory that the relationship of landlord and tenant existed and that it had been terminated by giving the thirty days' statutory notice, a recovery could not be had on the theory defendant had denied he was plaintiff's tenant and thereby waived his right to any notice whatever, since plaintiff must recover, if at all, on the cause of action stated in his petition.

7. ———: Action for Use of Occupation: Relationship of Landlord and Tenant Must Exist. Unless the relation of landlord and tenant exists between the parties, no recovery can be had for rents as for use and occupation.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Warren D. Isenberg* and *F. A. C. McManus* for appellant.

(1) Where a case is brought under the second subdivision of the statute and the defendant disclaims being a tenant or denies that plaintiff is his landlord, such act on the part of defendant will not render it necessary for plaintiff to prove notice or service of the same. The act of defendant in disclaiming tenancy had rendered such proof unnecessary on the pleading of plaintiff.

Young v. Smith, 28 Mo. 65; Anderson v. McClure, 57 Mo. App. 96; Witte v. Quinn, 38 Mo. App. 681; Hyde v. Goldsby, 25 Mo. App. 29. (2) A person in possession of the premises having repudiated the relationship of landlord and tenant and asserted an adverse claim or title is not entitled to any notice of termination of the tenancy. Lyon v. LaMaster, 103 Mo. 612; Amick v. Burbaker, 101 Mo. 473; Bldg. Assn. v. Murphy, 75 Mo. App. 61; Frey v. Doyle, 99 Mo. 459; Stephens v. Brown, 56 Mo. 23. (3) The court erred in not permitting plaintiff to show that defendant's wife had always acted as his agent in payment of rents. Singleton v. Mann, 3 Mo. 464; Coleman v. Roberts, 1 Mo. 97; Ingals v. Averett, 34 Mo. App. 371.

*Alexander R. Russell* for respondent.

(1) A tenancy from month to month can be terminated only by notice personally delivered to the tenant within the time required by the statute, unless such service is impossible. R. S. 1899, sec. 4110; Corneli v. Partridge, 3 Mo. App. 575; DeGiverville v. Stolle, 9 Mo. App. 187; Ryan v. Kelly, 9 Mo. App. 398; Van Studdiford v. Kohn, 46 Mo. App. 439; Ewing v. O'Malley, 108 Mo. App. 121; Realty Co. v. Weiter, 108 Mo. App. 248. (2) The tenant having remained in possession and paid rent as long as the same was demanded, as a matter of fact and of law, there was no repudiation of the tenancy. Starbuck v. Avery, 132 Mo. App. 542. (3) The plaintiff must recover, if at all, upon proof of the allegations of his petition. An action in unlawful detainer is no exception. Russell v. McCartney, 21 Mo. App. 547; Pier v. Heinrichoffen, 52 Mo. 335; Balch v. Myers, 65 Mo. App. 426. (4) A waiver can only be proven when it has been pleaded. A plaintiff is not permitted to allege performance and then show a lack of necessity for such performance. Pier v. Heinrichoffen, 52 Mo. 335; Bank v. Hatch, 78 Mo. 13; Nichols v. Larkin, 79 Mo. 264; Basye v. Ambrose, 32 Mo. App. 485; Mohney v.

Reed, 40 Mo. App. 99; Beckman v. Ins. Co., 49 Mo. App. 604; Ferneau v. Whitford, 39 Mo. App. 311; Ricketts v. Hart, 73 Mo. App. 653.

NORTONI, J.—This is an action of unlawful detainer. At the conclusion of the testimony for plaintiff, the court instructed a verdict for defendant and plaintiff prosecutes the appeal.

It appears defendant was plaintiff's tenant, occupying a residence in the city of St. Louis from month to month, and plaintiff sought to terminate the tenancy by giving the statutory notice to that end. The court instructed a verdict for defendant on the theory that plaintiff had failed to show the tenancy had been terminated by competent service of the notice required.

The first question for decision, therefore, relates to the sufficiency of the service of such notice, which, in the particular instance, was had upon defendant's wife at his residence, the same tenement involved in the alleged unlawful detainer. Another or second question is also presented which will be hereinafter stated and considered.

As above mentioned, the evidence for plaintiff tended to prove that defendant was his tenant and occupied a certain residence or tenement in the city of St. Louis at a rental of $12.50 per month under a verbal agreement; that plaintiff, desiring to terminate the tenancy, caused a sufficient written notice to that effect to be served upon defendant's wife at their residence more than thirty days before the termination of the next succeeding monthly period for which rent was paid. Our statute, section 4110, Revised Statutes 1899, section 4110, An. St. 1906, provides that all agreements for the leasing or occupation of tenements in cities, not made in writing and signed by the parties or their agents, shall be held and taken to be tenancies from month to month. On the proof made, there can be no doubt that the tenancy here disclosed was one from

month to month within the purview of the statute cited.
[Pacific Express Co. v. Tyler, 72 Mo. App. 151.]    The
same statute provides that such tenancies may be ter-
minated by either party thereto or his agent giving to
the other party or his agent one month's notice in writ-
ing of his intention to terminate such tenancy.    [Sec.
4110, R. S. 1899, sec. 4110, An. St. 1906.]    By a prior
provision of the same section, it is said the notice may
be given to the person in possession.    When the pro-
vision as to the person in possession is considered with
reference to the other provisions of the statute, it ap-
pears to contemplate the notice should be given to the
tenant in person or his agent unless it be in circum-
stances where service may not be had on them.    There
are many cases where one may be in possession of prem-
ises through an agent and we believe that it is in such
cases only the statute contemplates service may be had
on the agent.    It is the rule, generally speaking, unless
a statute authorizes a substituted or constructive ser-
vice, the law intends that personal service shall be had.
[Doyle v. K. C. & S. R. Co., 113 Mo. 280, 20 S. W.
970.]    Many decisions in this state go to the effect that
where a notice is required by a statute and the method
of service is not prescribed, personal service is intended.
[Ryan v. Kelly, 9 Mo. App. 396; Heller v. Leisse, 13 Mo.
App. 180; City of Sedalia v. Gallie, 49 Mo. App. 392.]
The statute before us which requires notice as an essen-
tial prerequisite to maintaining the present action does
not in terms authorize service on any person other
than the tenant himself or his agent.    It is entirely clear,
therefore, that in other than exceptional circumstances,
to be noted, the notice to quit must be served upon the
tenant unless it be in a case where another is in charge
of the premises as agent for him.    The testimony shows
that the service of the notice was had in the present in-
stance on defendant's wife at the residence involved,
but nothing appears tending to show that service on the

husband was impossible or impracticable. The decided cases touching the question as to whom such notices shall be served upon declare a rule more or less strict for the reason that the purpose of the notice is, in a measure, to work a forfeiture. The law is exceedingly jealous of one's home or possessions and seeks to protect the right with respect to such matters from forfeiture by requiring that the notice shall be given to the tenant or some one in possession of the premises as his agent. In this view, it has been declared that a notice served on a salesman in the tenant's store during the momentary absence of the tenant himself, as though he were the agent in possession of the premises, is insufficient to meet the requirements of the statute. [Van Studdiford v. Kohn, 46 Mo. App. 436.] And in an early case in this court where it appeared by reasonable diligence the tenant could have been found a notice to quit served upon a servant in his house was declared of no effect. [De Giverville v. Stolle, 9 Mo. App. 185.]

However, in the interests of justice, where it appears to be impossible to serve the notice on the tenant himself, it is said to be sufficient if notice is left with the husband or wife at the usual place of residence, whether upon the demised premises or elsewhere, and its nature and contents explained at the time. In such circumstances where personal service cannot be affected, a delivery of the notice to the wife, if its contents are explained, at the time, will be sufficient whether the tenant received it or not. [Taylor's Landlord and Tenant (9 Ed.), sec. 484; Wood's Landlord and Tenant (2 Ed.), sec. 41; De Giverville v. Stolle, 9 Mo. App. 185.] In this view the court declared in Gerhart Realty Co. v. Weiter, 108 Mo. App. 248, 83 S. W. 278, that where it appeared the tenant himself was absent from the state and personal service could not be effected, a service of the notice on his wife in charge of the place of business, which was the leased premises involved, was sufficient. As the service of the notice is to the end of forfeiting

Haumueller v. Ackermann.

the tenant's estate, we believe the doctrine that service on another than himself should not be extended by the courts beyond the terms of the statute unless the circumstances are such that service may not be had on the tenant or agent. In the present case, it appears the service was had on defendant's wife while he was absent from his home at work. There is nothing to show that he was out of the state or even out of the city, for that matter, and, indeed, the only inference which the evidence affords is to the effect that the tenant himself might have been served without difficulty. There is not a word in the proof tending to show the notice was explained to the tenant's wife at the time it was served upon her nor does it appear that she communicated the fact of its service or delivered the notice to her husband, the defendant. In these circumstances, the service of the notice on the wife was insufficient unless it be that she was his agent or person in possession within the purview of the statute.

To the end of showing defendant's wife was his agent for the purpose of receiving the notice, plaintiff sought to prove that she had paid the rents for defendant as they fell due. This evidence was excluded by the court, and we believe properly so, for the mere fact that the wife paid the rent at the instance of her husband is not sufficient to indicate she was the person in possession of the property and her husband's agent for the purpose of receiving a notice which sought to forfeit his estate. In respect of this matter, the statute seems to contemplate service on the person in possession or the tenant's agent in those cases where the tenant himself may have placed the party in possession as his agent during an absence sufficient to prevent service from being had on the tenant himself. In the sense of the statute, defendant, and not his wife, was the person in possession of the property for it appears he was the head of the house, and only absent therefrom in the performance of the daily duty of an ordinary citizen. Not a

word in the proof indicates that personal service might not have been had on defendant by the slightest effort to that end.

After the court ruled the service and notice were insufficient, plaintiff introduced evidence tending to prove that since this litigation was instituted defendant had denied he was the tenant of plaintiff. An argument is based on this evidence to the effect that by denying the tenancy, defendant waived his right to any notice whatever. In other words, it is argued that by denying the relation of landlord and tenant existed defendant rendered himself amenable to an action for possession of the premises on mere demand and without notice to quit. There can be no doubt that the argument would be sound had the present action assumed another form in the first instance but this action proceeds under the first clause of our statute defining unlawful detainer, section 3321, Revised Statutes 1899, section 3321, An. St., 1906, which authorizes the proceeding against a person who shall willfully and without force hold over tenements after the termination of the time for which they were demised or let to him. The petition counts upon the cause of action as though the relation of landlord and tenant existed between the parties and that it had been terminated by the giving of the thirty days' statutory notice above referred to and, besides an ouster, a recovery is sought for rents at the rate of $12.50 per month in accordance with the agreement relied upon to create the relation of landlord and tenant. Unless the relation of landlord and tenant existed between the parties, no recovery could be had for rents as for use and occupation. [State ex rel. Armour Pkg. Co. v. Dickmann, 146 Mo. App. 396, 124 S. W. 29.] Indeed, plaintiff must recover on the cause of action stated in his petition. He may not sue as though defendant is his tenant and then recover on the theory that he wrongfully entered and continued in the possession of the premises in which event no notice to quit would be re-

quired. Plaintiff, having proceeded in his complaint to set forth the relation of landlord and tenant and that it was terminated by the giving of the notice required by the statute, must prove the allegation as laid, for such is the cause of action relied upon to recover. Plaintiff will not be allowed to shift his position and change the theory of the case at the trial. Indeed, to do as sought in this respect, it would operate not only to change the cause of action, but to disprove that laid as well.

The judgment should be affirmed. It is so ordered. All concur.