## UNITED STATES v. BEATTY.
### No. 14404.

United States Court of Appeals · Eighth Circuit.

Dec. 27, 1951.

Ed Dupree, General Counsel, Leon J. Libeu, Asst. General Counsel, and Cecil H. Lichliter, Sp. Litigation Attorney, Office of Rent Stabilization, all of Washington, D. C., for appellant.

Frank J. Comfort and George P. Comfort, Des Moines, Iowa, for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment of dismissal. The action was brought by the United States under §§ 205 and 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1895, 1896(b), for damages, restitution, and an injunction, upon the claim that the defendant (appellee) was demanding and receiving rent in excess of the maximum fixed by an order of the Rent Director for the second floor rear apartment at 1507 Second Street in Des Moines, Iowa, a defense-rental area. The defendant asserted that the apartment was not subject to rent control because it constituted "additional housing accommodations created by conversion on or after February 1, 1947", within the meaning of § 202(c) (3) of the Act,[1] 50 U.S.C.A.Appendix, § 1892(c) (3), and the regulations of the Housing Expediter defining "conversion."[2]

The apartment in suit was formerly a part of a single five-room apartment with bath, which the defendant (who owned the building in which the apartment was located) in December 1947 divided into two rental dwelling units. The defendant asserted that the alterations and remodeling which resulted in the creation of the rear apartment were substantial and rose to the dignity of a "conversion." The Govern-

[1] "Sec. 202. As used in this title—
    \*       \*      \*      \*      \*

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—
    \*      \*      \*      \*      \*

"(3) any housing accommodations \* \* \* which are additional housing accommodations created by conversion on or after February 1, 1947 \* \* \*."

[2] Section 1(b) (8) of Controlled Housing Rent Regulation, 12 F.R. 4331, 13 F.R. 1861–1862:
"Section 1. *Definitions and scope of this regulation.*
    \*      \*      \*      \*      \*

"(b) *Housing to which this regulation does not apply.* This regulation does not apply to the following:
    \*      \*      \*      \*

"(8) *Accommodations first offered for rent.* (i) Housing accommodations \* \* \* which are additional housing accommodations created by conversion on or after February 1, 1947, \* \* \*.
    \*      \*      \*      \*      \*

"For the purposes of this paragraph (8) the word 'conversion' means (1) a change in a structure from a non-housing use or (2) a structural change in a residential unit or units involving substantial alterations or remodeling and resulting in the creation of additional housing accommodations."

ment contended that the structural changes made by the defendant were unsubstantial, temporary and in the nature of a subterfuge, and did not amount to a "conversion." The court found that the alterations were sufficiently substantial to constitute a "conversion."

The facts are undisputed. The second floor of the apartment building was originally registered as one apartment containing five rooms and bath. It had a front entrance and a rear entrance reached by stairways. At the right of the front entrance stairway there was a front bedroom. The stairway led into a living room adjoining this bedroom. There was a dining room behind the living room, and behind that a kitchen. To the left of the front stairway was the bathroom, with a single door into the dining room. Behind the bathroom was a rear bedroom, without a door into the bathroom, but with a door into the dining room. To the rear of the kitchen was a porch reached by the back stairway. The rear entrance to the kitchen was from this porch.

In dividing the original apartment into a front and a rear apartment, the defendant erected a "sheet rock" wall across the dining room about 3½ feet back of the wall which divided the dining room from the living room. The new wall created a "kitchenette" for the newly created front apartment. This "kitchenette" was 3½ feet wide by 10 feet long. The original door to the bathroom opened into the "kitchenette." In order to give the rear apartment access to the bathroom, a door was cut into the bathroom from the rear bedroom. The new wall and the new door were all of the structural changes made by the defendant. Some decorating was made necessary by these changes. A gas line about 30 or 40 feet long was run to the "kitchenette," and a separate gas meter was installed. The apartment was rewired so that each of the two new apartments had a separate electric meter. Additional electric outlets were provided to comply with the Building Code. The cost of all labor and materials used in making the alterations was about $375. The "kitchenette" in the front apartment had electric and gas connections, but no sewer or water connections. The occupants of the front apartment were to obtain water for cooking and domestic uses from the bathroom.

After the changes were made, the rear apartment consisted of the original kitchen, all of the original dining room except the 3½ feet taken for the "kitchenette" of the front apartment, and the original rear bedroom with the new door into the bathroom. The front apartment had the front bedroom, the original living room and the "kitchenette," with access to the "shared bathroom." The only entrance to the rear apartment was by way of the rear stairway to the porch and through the kitchen. The entrance to the front apartment was by the front stairway into the living room of that apartment.

The defendant, after dividing the original apartment, demanded and received a monthly rental of $45 for the new rear apartment, which was $10 in excess of the maximum fixed by an order of the Rent Director.

The reasons given by the District Judge for his conclusion are stated as follows:

"This is a borderline case. The type of wall built here is not regarded as a permanent, solid wall, but there are 'substantial alterations and remodeling,' in terms of the result and of the outlay by the landlord, and it is manifest that what was done resulted in 'the creation of additional housing accommodations,' because two families are living where one lived before. The sharing of the common bathroom presented difficulty, but it was a difficulty that apparently is not a barrier. Flynn v. Woods, 8 Cir., 1950, 181 F.2d 867.

"The cost to the landlord was $375. It is recognized that a single apartment may be so constructed as to lend itself to conversion into two apartments at a relatively small expense. It is recognized that at a much greater outlay an apartment less fortunately arranged might be converted into no better housing accommodations at much higher cost. The cost is not the primary test. The court is persuaded that here the creation of 'additional housing accommodations' is the fairer test. It is encouraged to do so because of the lan-

guage in the case cited above. It is there said:

"'On the other hand, the question whether additional housing accommodations have been created can not be made to depend entirely upon the extent or cost of the structural work done. Whether additional housing accommodations have been created by conversion must depend upon the facts in each particular case. That, in the circumstances here, the premises converted were so arranged that conversion into additional housing accommodations required less extensive permanent and structural change than might be necessary in another, or even in the usual, situation is not decisive of the right to decontrol.'"

It must be kept in mind that the jurisdiction of this Court is appellate, that it does not retry issues of fact nor substitute its judgment with respect to such issues for that of the trial court, that the power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly, and that on review a finding of fact made by a trial judge may not be set aside unless there is an inadequate evidentiary basis for it or unless it was induced by an erroneous view of the law. Pendergrass v. New York Life Insurance Co., 8 Cir., 181 F.2d 136, 137–138 and cases cited; Noland v. Buffalo Insurance Co., 8 Cir., 181 F.2d 735, 738.

It must also be remembered that where different inferences reasonably and honestly may be drawn from undisputed facts, it is for the trial court, and not this Court, to decide what inference shall be drawn. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

It seems probable that if we were called upon to retry this case upon the printed record, we would find that the structural changes made by the defendant were too unsubstantial to amount to a "conversion." We would certainly not have reversed the District Court had it concluded that no "conversion" had been accomplished. We think that this case is, as the Government contends, distinguishable from the case of Flynn v. Woods, 8 Cir., 181 F.2d 867, on the ground that the alterations under consideration in that case were more substantial and permanent.

We believe, however, that if the issue which the court decided had been tried to a jury, the Government would not have been entitled to a directed verdict. We are not convinced that the District Court misconceived the applicable law, nor that its conclusion is so opposed to the weight of the evidence as to justify a reversal. The standards for determining how substantial structural alterations must be in order to constitute a "conversion" are, obviously, vague and unsatisfactory and depend perhaps more upon a way of life than a rule of law. See Welch v. Helvering, 290 U.S. 111, 114, 115, 54 S.Ct. 8, 78 L.Ed. 212.

It is our opinion that the evidence did not conclusively establish that the alterations which the defendant made in dividing the single apartment into two apartments did not amount to a "conversion"; and that, whether right or wrong, the District Court reached a permissible conclusion as to a question of ultimate fact which was not free from doubt.

The judgment appealed from is affirmed.