SHERMAN INV. CO. v. UNITED STATES.

No. 14562.

United States Court of Appeals
Eighth Circuit.

Nov. 7, 1952.

Oliver T. Remmers, St. Louis, Mo. (Remmers & Remmers, St. Louis, Mo., on the brief), for appellant.

Isadore A. Honig, Sp. Litigation Atty., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, Gen. Counsel, A. M. Edwards, Jr., Asst. Gen. Counsel, Nathan Siegel, Sol., and John A. McLeod, Jr., Sp. Litigation Atty., Washington, D. C., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a judgment requiring Sherman Investment Company to repay and refund to certain of its named tenants designated amounts as overcharges of rent collected from them by appellant and enjoining appellant from soliciting or receiving any rent on all controlled housing accommodations owned, operated and managed by it in excess of the maximum legal rent as determined by said judgment, or from otherwise violating the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. The judgment was entered in an action brought under Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896(b).

The complaint sought restitution of rental overcharges and injunctive relief, alleg-

ing that the housing accommodations of the Sherman Investment Company located at 6188 McPherson Avenue, St. Louis, Missouri, were subject to the Act as amended and the regulations issued pursuant thereto; that appellant received from various persons described in the complaint, for the use and occupancy of their accommodations, rent in excess of the maximum rents established under the Housing and Rent Act of 1947. Appellant, in its answer, denied that jurisdiction was conferred upon the court by the Housing and Rent Act of 1947, denied that its housing accommodations described in the complaint were subject to maximum rentals. It admitted operating the premises and the collection of the rents from various persons as alleged in the complaint. It affirmatively pleaded that the premises operated by it and described in the complaint constituted a hotel as defined in the Housing and Rent Act of 1947 and as such was excluded from control and regulation as controlled housing accommodations, and that the rentals collected by it were collected in good faith under the belief that they were lawful.

The ultimate issue of fact for determination was whether the premises constituted an apartment hotel on June 30, 1947. The building in question is a six-story, reinforced concrete and steel building, located at 6188 McPherson Avenue, in the City of St. Louis, Missouri. It has a lobby and parlors, hotel office and freight and passenger elevators. On the first floor of the building is a grocery and meat market, a cleaner, a drug store, a beauty shop and a food shop, and the space assigned to the manager. The remaining five stories are devoted to residential quarters divided into fifty-two units. On the stipulation of the parties and the evidence produced, the court found the premises within the provisions of the Housing and Rent Act of 1947; that the defendant as landlord charged and collected from named tenants rents in excess of the maximum rentals allowable, and concluded that plaintiff was entitled to recover the excess rentals in behalf of the tenants and to an injunction. In seeking reversal appellant challenges the court's findings of fact and conclusions of law.

■ In its brief appellant states that "The question to be determined under the pleadings and the evidence: Was defendant operating a hotel at 6188 McPherson Avenue in the city of St. Louis on June 30, 1947, either under the name 'Sherman' or 'Sherman Apartment Hotel'?" This, we take it, may be accepted as a statement of the question to be determined by the trial court. In this court the action is not triable de novo. As has been observed, the court found the issues against the appellant and these findings are presumptively correct and can not be set aside unless found to be clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; United States v. Beatty, 8 Cir., 192 F.2d 945. Much of the evidence was the oral testimony of witnesses and it was the function of the trial court to decide on the weight of the testimony and the credibility of the various witnesses. We must assume that all conflicts in the evidence have been resolved in favor of the appellee and we must view the evidence in a light most favorable to the prevailing party. If, when so viewed, the judgment is sustained by substantial evidence and is not clearly against the weight of the evidence, the judgment should be sustained.

■■ Whether or not the premises as conducted by appellant constituted a hotel or an apartment hotel was a question of fact. It was the contention of appellant that the premises were exempt from control under the exemption provision of the Housing and Rent Act of 1947. So far as here pertinent the exemption provision reads as follows:

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—

"(1) (A) those housing accommodations, in any establishment which is commonly known as a hotel in the community in which it is located, which are occupied by persons who are provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of fur-

niture and fixtures, and bellboy service". 50 U.S.C.A.Appendix, § 1892.

It is observed that the statute defines the term "controlled housing accommodations" as housing accommodations in any defense-rental area. These premises were within such an area and were subject to control unless within the exception noted in the statute. The burden of proving that the premises were within the exception was on the appellant. The trial court so held and that ruling is charged as error. We think this contention wholly without merit. The burden of proving an exception or an exemption is upon the one asserting it. As said by the United States Court of Appeals for the Ninth Circuit in Feeley v. Woods, 190 F.2d 228, 232:

"We agree with appellee that the cases which reflect the rule of law applicable to the instant situation indicate clearly that in order for appellant to prevail in this action the burden was upon him to show that his establishment met the 'hotel status' requirements which conformed to the statutory requirements above noted on what has been termed 'the cut-off date' of June 30, 1947."

It was therefore incumbent upon appellant to prove that the premises here involved were being operated as a hotel or an apartment hotel and in order to make such proof the evidence would have to show that on June 30, 1947, it was so conducted as to be commonly known, in the particular community where it was located, as a hotel and that customary hotel services were then being furnished to the occupants of the premises. We have searched the record with great care and find no evidence even tending to show that the premises were commonly known as a hotel or as an apartment hotel in the community where located, and the court so found. There is affirmative, positive testimony that linen was not furnished to any of the tenants although there was vague testimony that it was available, but the court found, and we think the finding is compelled by the testimony, that linen was not furnished. In this connection it is significant, we think, that a witness testified to having made request for linen service and was told by the manager that linen was not furnished. The manager was not produced as a witness by the defendant, nor was failure to produce the manager explained. Maid service was not furnished, telephone service was not furnished, bellboy service was not furnished; there were no uniformed attendants and no elevator operators and the establishment was not licensed as a hotel. The occupants for the most part held leases as tenants. There was no transient occupancy immediately prior to June 30, 1947; in fact, there was no evidence that appellant furnished or made available services usually furnished by an apartment hotel, and the evidence, as noted by the trial court, fails to show that such services were made available. The trial court, after careful review and consideration of all the evidence said:

"It was not until decontrol of hotels became known to defendant that it attempted to resurrect sufficient services, not to run a hotel but to qualify for exemption. It is not form but substance that must control the ruling. Defendant has failed to carry the burden of proof."

It is argued, however, that Exhibit 1, Appellant's registration statement, which was introduced in evidence by plaintiff, showed that these premises were classified by the Area Rent Director as a hotel. This statement was prepared by appellant and opposite the word "hotel" appears an X, as reflecting appellant's claim as to the nature of its establishment. The mere fact that this was filed was certainly not in the nature of an adjudication, nor would it estop the appellee from proving the fact as to the nature of the establishment. The document was filed in 1944 and the vital date was June 30, 1947. In this connection it is argued by appellant that "what was once established is presumed to continue until contrary is shown." At most, however, this is but a rebuttable presumption which can not be weighed in the balance as against evidence. The evidence in this case convinced the trial court that on June 30, 1947, this establishment was not a hotel, and such evidence was, we think, substantial and sustains the court's finding.

We are not impressed with the argument advanced by appellant that the trial court did not follow the reasoning of this court in Woods v. Benson Hotel Corp., 8 Cir., 177 F.2d 543 and in Woods v. Western Holding Corp., 8 Cir., 173 F.2d 655. The facts in the instant case are so radically different from those in the cases cited that appellant's argument is wholly without merit. In the instant case there was neither proof of reputation nor of the services customarily furnished in hotels or apartment hotels in the vicinity where this establishment was maintained. We think the evidence, or lack of evidence, not only sustained but compelled the findings of the court. The judgment appealed from is therefore affirmed.