## AARONS v. UNITED STATES.

### No. 14582.

United States Court of Appeals
Eighth Circuit.

Dec. 12, 1952.

James R. Anderson, St. Louis, Mo., (Edward C. Koeneman, St. Louis, Mo., on the brief), for appellant.

Isadore A. Honig, Sp. Litigation Attorney, Office of Rent Stabilization, Washington, D. C. (Ed Dupree, General Counsel, A. M. Edwards, Jr., Asst. General Counsel, and Nathan Siegel, Solicitor, Washington, D. C., on the brief), for appellee.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment in an action brought by the United States under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1881–1902, charging appellant with violations of sections 204 and 206 of the Act in the collection of rents in excess of the maximum allowable from certain named occupants of housing accommodations in St. Louis, Missouri. In conformity with the prayer of the complaint the District Court entered a judgment requiring appellant to make restitution of overcharges to eight of the occupants of the housing accommodations operated by appellant, awarding the United States damages in twice the amount of the overcharges for the year preceding the action, and restraining further violations of the Act. This appeal challenges the judgment of the District Court insofar as it ordered restitution to six of the named occupants of the housing accommodations and awarded judgment in favor of the United States because of the overcharges to those occupants.

Six of the persons named in the complaint as having occupied the housing accommodations involved in the action were married women. Each testified on direct examination that she paid to the appellant rent in the sum set out in the complaint for the period alleged in the complaint, and that during that period she occupied the premises. Appellant offered no evidence to dispute the testimony of any of these witnesses, nor did she question the maximum allowable rent for any of the housing accommodations.

On this evidence the District Court found as to each of the married women named in the complaint that the relationship of landlord and tenant between her and the appellant existed in respect to the described premises during the period alleged in the complaint, and that each paid to the appellant rent in excess of the maximum allowable as charged in the complaint.

For reversal appellant contends that the evidence was not sufficient to establish the relation of landlord and tenant under Missouri law as between the married women and appellant, that Missouri law is controlling, and that for the reason stated the judgment of the trial court as to these occupants of appellant's housing accommodations is erroneous. The sole basis for this contention is the admission on cross-examination of five of the women that during the time they occupied the housing accommodations they were married and living with their husbands.

Nothing in Haumueller v. Ackermann, 150 Mo.App. 141, 130 S.W. 91, the sole Missouri case relied on by appellant, supports the rule that under the Missouri law of landlord and tenant a married woman living with her husband may not be a tenant of the premises occupied by

them. See Esker v. Davis, Mo.App., 207 S.W.2d 798; 10 Mo.R.S.A. § 3385, V.A.M. S. § 451.290. But, in any event, the Missouri law of landlord and tenant is wholly irrelevant. The meaning of the Housing and Rent Act of 1947 presents a question of statutory interpretation determined by Federal law. Woods v. Petchell, 8 Cir., 175 F.2d 202; Woods v. Krizan, 8 Cir., 176 F.2d 667. Proof of the formal relation of landlord and tenant is not necessary in actions to enforce the provisions of the Act. Smith v. Woods, 5 Cir., 178 F.2d 467. That Congress was not concerned with the refinements of the law of landlord and tenant is apparent from the language of the Act. Section 206(a) of the Act provides:

"It shall be unlawful for any person to demand, accept, receive, or retain any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed * * *."

Section 205 in part provides that:

"Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act * * * shall be liable to the person from whom such payment is demanded, accepted, received, * * *."

The courts have uniformly held that these enforcement provisions of the Act "are not conditioned upon a finding of the relation of landlord and tenant." Forat v. Rauer, 2 Cir., 192 F.2d 861, 862; Co-Efficient Foundation v. Woods, 5 Cir., 171 F. 2d 691, 696. And see Woods v. Petchell and Woods v. Krizan, supra. The question before the District Court in this case was whether the appellant had demanded and received from the occupants of the housing accommodations controlled by her rents in excess of the maximum permitted by law. On this question there is no dispute in the evidence. The court's findings of fact are conclusive here. United States v. Beatty, 8 Cir., 192 F.2d 945.

Affirmed.