**UNITED STATES of America**

v.

**Robert YOUNG and Mrs. Lillian Young.**

**No. 50 C 697.**

United States District Court,
N. D. Illinois, E. D.

March 20, 1953.

Randal J. Elmer, Chicago, Ill., for plaintiff.

Lochtan & Wolfe, Chicago, Ill., for defendants.

LA BUY, District Judge.

The complaint in this cause was filed on May 11, 1950 to which defendants filed answer on June 11, 1950. Thereafter interrogatories and certain requests for admissions were filed by the plaintiff and answered by defendants. The premises covered in said complaint were 6221 Drexel Avenue. On November 2, 1951 the plaintiff amended said complaint to include the premises at 6312 Champlain Avenue and 6641–43 South Eberhart Avenue. No answer was filed by the defendants to said amended complaint before the trial date. On February 6, 1952 the above cause came on for trial, having been set for that date on February 1, 1952. The defendants moved for a continuance of the cause, which the court denied. In addition, defendants' counsel moved to withdraw as counsel for defendants, which motion was also denied. Thereupon evidence was received for the plaintiff and for the defendant. On February 7, 1952 the court entered Findings of Fact, Conclusions of Law, and judgment order in favor of the plaintiff in the sum of $4181.12, plus costs, together with an injunction against said defendants and an order of restitution to the tenants who were overcharged.

On February 20, 1952 the defendants moved for a new trial or in the alternative for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In support of this motion, Lillian Young, one of the defendants avers that she is the principal party who dealt with the respective tenants involved and has knowledge of the relevant facts concerning the litigation; that she has been intermittently ill for the past several months and unable to attend the trial, as evidenced by the doctor's certificate submitted, though advised by her counsel to appear in her defense; that in fact she did leave her sick bed and came to the office of her counsel but "arrived after the court had entered its findings in the within cause"; that she had requested administrative relief from the Office of Rent Stabilization but to date has not received said relief; that she is willing and able to personally appear on her own behalf and defend the claims of the plaintiff; and that she has a good and meritorious defense to these claims.

■ From said motion it is clear that the defendant is not asserting relief from said judgment due to clerical mistakes and therefore is proceeding under subdivision (b) of Rule 60 which reads as follows:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * * "

The defendant does not assert specifically any of the grounds set forth in Rule 60 except possibly subparagraph 6 thereof "for any reason justifying relief from the operation of the judgment."

On March 5, 1952 the defendant filed her supplemental and additional defense asserting that as to the premises at 6312 South Champlain Avenue, Chicago, Illinois, which were acquired by the defendants in 1939, no maximum ceiling was in effect since both the first and second floors thereof were decontrolled. It is alleged these accommodations were occupied by defendants continuously until May 1; 1949 and therefore because of continuous occupancy by the owner from February 1945 to April 1, 1948 were not subject to control and in fact defendants had been advised by the Office of Rent Stabilization that said accommodations were not subject to rent regulations. In addition defendants allege they were ignorant of the fact that said accommodations were recontrolled by virtue of a change in the Housing and Rent Act, 50 U.S.C.A.Appendix, § 1881 et seq., effective April 1, 1949. It thus appears that so far as owner occupancy is concerned in the instant case, the later amendments to the Housing and Rent Act recontrolled such premises and the overcharges herein took place from May 3, 1949 to June 8, 1951. Therefore, the defense alleged by the defendant as to these accommodations is without merit.

It is alleged that as to the first floor "the defendants created five separate furnished rental units on said first floor, creating an additional washroom, at a cost for walls, carpenter work, etc., of $1025.00, and furniture, furnishings and equipment for $1860.00; additional miscellaneous costs exceeding $280.00"; that this conversion was effected in April 1948. In order to come within the statutory exception of Section 202 (c) (3) (A) it must be clear that substantial alteration was performed. As was stated in Flynn v. Woods, 8 Cir., 1950, 181 F.2d 867, 869:

> "Obviously, within the meaning of the Housing and Rent Act and the applicable regulation, the mere division of one housing accommodation by makeshift or temporary means could not be said to constitute either substantial or structural alteration of the original housing unit 'resulting in the creation of additional housing accommodations.' And this would be true even though the means adopted for alteration made it possible to put two tenants into possession of premises previously occupied by one. * * *"

The defendant did not assert this defense of exemption from control by answer or otherwise before the matter came on for a hearing on the merits, nor was it presented at the trial.

The court is of the opinion that the motion of the defendant for a new trial should be denied and further the motion for relief from judgment under Rule 60 should also be denied. An order in accord therewith has this day been entered.